Douglas J. Campion (SBN – 75381)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, California 92127
Tel: 619.299.2091
Fax: 619.858.0034

*Counsel for Plaintiff and the Putative Class*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA ARBALLO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>OPORTUN FINANCIAL CORPORATION, a Delaware corporation,<br><br>*Defendant*. | Case No.: **'17 CV 2439 H     BLM**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR: DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Karla Arballo ("Arballo" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Oportun Financial Corporation ("Oportun" or "Defendant") to stop its practice of making unsolicited calls to cellular phones of consumers.   Plaintiff seeks to obtain redress for all persons injured by its conduct, by seeking statutory damages and injunctive relief relating to such conduct. Plaintiff alleges as follows upon personal knowledge as to

1 herself and her own acts and experiences, and, as to all other matters, upon
2 information and belief, including investigation by her attorneys.

**NATURE OF THE ACTION**

4     1.    Oportun provides loans and other financial services to persons with
5 limited or no credit history, providing loans ranging from $300.00 to $8,000.00,
6 primarily to low-to-moderate income persons.  It has disbursed more than $4 billion
7 in loans as of August 15, 2017.

8     2.    Apparently in attempting to solicit business, Oportun made (or directed
9 to be made on its behalf) unsolicited calls to the cellular telephone numbers of
10 consumers located across the country. Such calls were made with an automatic
11 telephone dialing system and / or an artificial or prerecorded voice. Oportun did not
12 obtain prior express consent from such consumers to make the calls and, therefore,
13 violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

14     3.    The TCPA was enacted to protect consumers from unsolicited and
15 unwanted calls, exactly like those alleged in this case. Oportun made these calls
16 despite the fact that neither Plaintiff nor the other members of a putative Class of
17 consumers (defined below) provided Oportun their prior express consent to receive
18 such calls.

19     4.    By making the calls at issue, Oportun has violated the privacy and
20 statutory rights of Plaintiff and the Class and caused them to suffer actual harm, not
21 only by subjecting them to the aggravation, nuisance, and invasion of privacy that
22 necessarily accompanies the receipt of unsolicited calls to their cellphones, but also
23 because consumers frequently have to pay their wireless providers for the minutes
24 used on their cellular plans for such unauthorized calls.

25     5.    In response to Oportun's unlawful conduct, Plaintiff brings the instant
26 lawsuit and seeks an injunction requiring Oportun to cease all calls to cellular
27 phones without prior express consent, as well as an award of actual and statutory
28 damages to the members of the Class, together with costs and reasonable attorneys'

1  fees.

2                                        **PARTIES**

3       6.      Plaintiff Karla Arballo is a natural person and citizen of the State of

4  California, and resides in this District.

5       7.      Defendant Oportun is a corporation existing under the laws of the State

6  of Delaware, with its headquarters located at 1600 Seaport Blvd., Suite 250,

7  Redwood City, California 94063. Oportun has retail offices in this District, and

8  conducts business throughout this District, the State of California, and the United

9  States.

10                          **JURISDICTION AND VENUE**

11      8.      This Court has subject matter jurisdiction over this action pursuant to

12  28 U.S.C. § 1331, as this case arises under the TCPA, which is a federal statute.

13  This matter in controversy exceeds $5,000,000, as each member of the proposed

14  Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for

15  each call that has violated the TCPA.  Accordingly, this Court has jurisdiction

16  pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which

17  will result in at least one Class member belonging to a different state.  Therefore,

18  both elements of diversity jurisdiction under the Class Action Fairness Act of 2005

19  ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal

20  question jurisdiction pursuant to 28 U.S.C. § 1331.

21      9.      This Court has personal jurisdiction over Defendant because it has

22  offices in this District, conducts significant business transactions within this District,

23  and because Defendant made and continues to make unsolicited cellular phone calls

24  to consumers located and residing in this District.

25      10.     Venue is proper in this District under 28 U.S.C. § 1391(b) because

26  Defendant conducts significant business transactions in this District, solicits

27  consumers in this District, and because Defendant makes unsolicited cellular phone

28  calls to consumers located and residing in this District. Venue is additionally proper

because Plaintiff Arballo resides in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

11.     In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

13.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

14.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]  In addition, if the calls are

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications

---

telemarketing calls, those callers must have the prior express consent in writing of persons they are calling.[5]

## COMMON FACTUAL ALLEGATIONS

15.   At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16.   Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153.

17.   At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

18.   The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls or text messages pursuant to 47 U.S.C. § 227 (b)(1).

19.   Defendant's violations caused Plaintiff and a Class of consumers (defined below) actual harm, including the aggravation, nuisance and emotional distress that necessarily accompanies the receipt of unsolicited calls to Plaintiff's cellphones and the Class' cellphones, invasion of privacy, as well as the violation of Plaintiff's and the Class' statutory rights, and the loss of use, enjoyment, value and utility of their cellular telephone plans.

20.   Defendant's violations of the TCPA caused substantial injury to consumers, including Plaintiff and the Class, by knowingly causing their cellular telephone equipment to be accessed without consent, resulting in:

---

Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008); *see also* 47 C.F.R. § 64.1200(a)(1).

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, ¶ 18, 18 FCC Rcd 14014 (2003); 47 C.F.R. § 64.1200(a)(2).

---

- The diminished value and utility of their telephone equipment and telephone subscription services (*i.e.*, the value of such equipment and services is higher when unencumbered by unwanted text messages, so Defendant's conduct caused Plaintiff and the Class members to overpay and/or to receive less value than what they paid for);

- Additional wear and tear to their telephone equipment, above and beyond what would have occurred absent Defendant's conduct;

- The loss of battery charge (as each battery, when reacting to Defendant's unwanted calls, must expend and discharge energy in excess of what would otherwise be discharged);

- The reduction in battery longevity (because each charge and discharge cycle causes chemical changes in the active battery material, diminishing each battery's storage capacity, requiring every more frequent recharging, and reducing the ultimate duration of each battery's useful life); and

- The per-kilowatt electricity costs required to recharge the additional battery energy spent as a result of Defendant's unwanted calls and voicemails.

21.     Each of these harms was felt by Plaintiff and the Class members.

22.     On information and belief, the decisions complained of herein, relating to the use of an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to call consumers' cellular telephones without their prior express consent, and the procedures used in obtaining the cellular phone numbers to be called, and to do so without "scrubbing" them or otherwise determining the call recipients' prior express consent, originated from Oportun and were implemented by them, or on their behalf.  Any and all decisions about the calling procedures of either originated or were approved by Oportun.

23.     On or around November 3, 2017, November 12, 2017, November 20, 2017, and November 28, 2017, Oportun called (or caused the call to be made) to Plaintiff at her cellular phone number ending in 3187.  Defendant left voicemails,

1
2
3

with at least some of those voicemails containing messages intended to induce Plaintiff to contact Defendant. Those messages asked Plaintiff to return Defendant's phone calls.

4
5
6
7

24.     Oportun did not obtain prior express consent from Plaintiff or the putative Class members to call them on their cell phones. Oportun did not obtain prior written consent from Plaintiff or the members of the Class to make calls to their cellular phones,

8
9

25.     Oportun made, or had made on its behalf, similar (or substantially similar) calls to thousands of cellular telephone numbers.

10
11
12
13

26.     On information and belief, Oportun made these calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and the ability to dial such numbers.

14
15

27.     These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

16

**CLASS ALLEGATIONS**

17
18
19
20

28.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class defined as follows:

21
22
23
24
25

> **Class**: All persons in the United States to whom: 1) Defendant or its agents placed a call within four years prior to the date of filing of this Complaint; 2) using an automatic telephone dialing system or using an artificial or prerecorded voice; 3) to his or her cellular telephone number; and 4) for whom Defendant did not have prior express consent to place such call at the time it was placed.

26
27
28

The following are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former

employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact numbers of Class members are unknown at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made calls to thousands of consumers who fall into the definitions of the Class. Class members can be identified through Defendant's records.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

  (a)   Whether Defendant's conduct violated the TCPA;

  (b)   Whether Defendant systematically placed telephone calls to consumers without their prior express consent;

  (c)   Whether Defendant's calls were made using an automatic telephone dialing system ("ATDS"), or with an artificial or prerecorded voice, as contemplated by the TCPA;

  (d)   Whether Defendant systematically called (or had calls made on its behalf) to persons who did not previously provide it with prior express consent to receive such messages; and

  (e)   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages

1   arising out of Defendant's uniform wrongful conduct and unsolicited calls.

2       32.   **Adequate Representation**: Plaintiff will fairly and adequately

3   represent and protect the interests of the Class and has retained counsel competent

4   and experienced in complex class actions. Plaintiff has no interests antagonistic to

5   those of the Class, and Defendant has no defenses unique to Plaintiff.

6       33.   **Policies Generally Applicable to the Class**: This class action is

7   appropriate for certification because Defendant has acted or refused to act on

8   grounds generally applicable to the Class as a whole, thereby requiring the Court's

9   imposition of uniform relief to ensure compatible standards of conduct toward the

10  Class members and making final injunctive relief appropriate with respect to the

11  Class as a whole. Defendant's practices challenged herein apply to and affect each

12  of the Class members uniformly. Plaintiff's challenge of those practices hinges on

13  Defendant's conduct with respect to the Class as a whole, not on facts or law

14  applicable only to Plaintiff.

15      34.   **Superiority**: This case is also appropriate for class certification

16  because class proceedings are superior to all other available methods for the fair and

17  efficient adjudication of this controversy and because joinder of all parties is

18  impracticable. The damages suffered by the individual members of the Class are

19  relatively small, especially given the burden and expense of individual prosecution

20  of the complex litigation necessitated by Defendant's actions. Thus, it would be

21  virtually impossible for the individual members of the Class to obtain effective relief

22  from Defendant's misconduct. Even if members of the Class could sustain such

23  individual litigation, it would still not be preferable to a class action, because

24  individual litigation would increase the delay and expense to all parties due to the

25  complex legal and factual controversies presented in this Complaint. By contrast, a

26  class action presents far fewer management difficulties and provides the benefits of

27  single adjudication, economy of scale, and comprehensive supervision by a single

28  Court. Economies of time, effort and expense will be fostered and uniformity of

1    decisions ensured.

2
### FIRST CLAIM FOR RELIEF
3
### Negligent Violation of 47 U.S.C. § 227 et seq.
### (On behalf of Plaintiff and the Class)
4

5      35.     Plaintiff incorporates the foregoing allegations as if fully set forth

6    herein.

7      36.     The foregoing acts and omissions of Defendant constitute numerous

8    and multiple negligent violations of the TCPA.

9      37.     As a result of Defendant's negligent violations of the TCPA, Plaintiff

10   and the Class are entitled to an award of $500.00 in statutory damages, for each and

11   every violation, pursuant to 47 U.S.C. Section 227(b)(3)(B).

12     38.     Plaintiff and the Class are entitled to and seek injunctive relief

13   prohibiting such conduct in the future.

14     39.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and

15   the other members of the Class are entitled to an injunction under 47 U.S.C. §

16   227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into

17   the future.

18     40.     Plaintiff and the Class are entitled to an award of attorneys' fees and

19   costs.

20
### SECOND CLAIM FOR RELIEF
21
### Willful Violation of 47 U.S.C. § 227 et seq.
### (On behalf of Plaintiff and the Class)
22

23     41.     Plaintiff incorporates the allegations in Paragraphs 1 - 34 as if fully set

24   forth herein.

25     42.      The foregoing acts and omissions of Defendant constitute numerous

26   and multiple knowing and/or willful violations of the TCPA.

27     43.     As a result of Defendant's knowing and/or willful violations of the

28   TCPA, Plaintiff and the Class are entitled to treble damages, as provided by statute,

---

up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. Section 227(b)(3)(C).

44.     Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct in the future.

45.     Plaintiff and the Class are entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff , individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff Karla Arballo as the representative of the Class, and appointing her counsel as Class Counsel;

B.     An award of actual and statutory damages;

C.     A declaratory judgment that Defendant's telephone calling equipment constitutes an ATDS;

D.     A declaratory judgment that Defendant's calling practices violate the TCPA;

E.     An injunction requiring Defendant to cease and enjoining Defendant from using automated or computerized telephone calling equipment to place calls to cellular telephones without consent;

F.     An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class;

G.     An award of reasonable attorneys' fees and costs; and

H.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

1

2

Dated: December 5, 2017              By: */s/ Douglas J. Campion*

3

4                                         Douglas J. Campion (SBN – 75381)
                                          doug@djcampion.com
5                                         LAW OFFICES OF DOUGLAS J. CAMPION, APC
                                          17150 Via Del Campo, Suite 100
6                                         San Diego, California 92127
7                                         Tel: 619.299.2091
                                          Fax: 619.858.0034
8

9

10                                        *Counsel for Plaintiff and the Putative Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28